[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11708
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cv-00377-RBD-PRL

ALIMAMY BARRIE,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 19, 2021)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Alimamy Barrie, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging the result of a prison disciplinary hearing for possession of amphetamines that resulted in him losing good conduct time. Barrie asserts the district court erred in finding that some evidence supported the conclusion that Barrie was in possession of amphetamines because the Narcotics Identification Kit (NIK) tests were unreliable. After review,[1] we affirm the district court.

The Supreme Court has held that the following minimum due-process procedures are required in a prisoner's disciplinary proceeding: (1) at least 24 hours' notice of the charges so that the prisoner can prepare for the hearing; (2) a written statement by the factfinder detailing what evidence was relied upon and why disciplinary action was taken; and (3) the qualified right to call witnesses and present documentary evidence, if not "unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). In determining whether a prisoner has received due process, in the context of revocation of GCT, a court is not required to examine the entire record, weigh the evidence, or independently assess the credibility of witnesses. *Superintendent,*

---

[1] We review *de novo* the district court's denial of habeas relief under § 2241 and its fact findings for clear error. *Bowers v. Keller*, 651 F.3d 1277, 1291 (11th Cir. 2011). *Pro se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

*Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985); *Yarbrough v. Decatur Hous. Auth.*, 941 F.3d 1022, 1028 (11th Cir. 2019). The relevant question is only whether the hearing officer's findings are supported "by some evidence in the record." *Hill*, 472 U.S. at 454. This does not require a robust substantive evaluation of the sufficiency of the evidence behind the administrative decision and is not a guarantee against ill-advised or incorrect decisions. *Yarbrough*, 941 F.3d at 1027. The decision need only have some basis in fact. *Id.* at 1028.

Barrie's disciplinary proceeding satisfied the due process requirements outlined in *Wolff* and the district court did not err in finding that some evidence supported the discipline hearing officer's (DHO) findings. Regarding due process, Barrie was notified of the DHO hearing 23 days beforehand, the report explained the evidence it relied upon, and Barrie could have requested a staff representative or witnesses. *See Wolff*, 418 U.S. at 563-66. Regarding the evidence, the district court did not err in concluding the positive NIK test results were sufficient to satisfy the "some evidence" standard because it did not need to address the sufficiency or credibility of the evidence. *Yarbrough*, 941 F.3d at 1027-28. Hence, although Barrie argues the NIK tests were unreliable and cannot be relied upon, the district court was not required to assess those tests. The district court did not err in finding the positive test results satisfied the "some evidence" standard.

**AFFIRMED.**

3